RAMÓN VIERA, Petitioner and Appellee, v. MUNICIPAL COURT OF SAN JUAN, SECOND SECTION (now THIRD SECTION), Respondent and Appellee; JUAN FALÚ ZARZUELA, Intervener and Appellant.

No. 9265. Argued March 21, 1946.—Decided May 3, 1946.

30

*E. Ortiz Reyes* for intervener and appellant, defendant in the main proceeding. *F. Colón Gordiany* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

When the plaintiff in an action of unlawful detainer for nonpayment of rent was about to execute the judgment rendered in her favor by the municipal court, the defendant, without notifying the plaintiff, deposited in court the amount of the rent due, plus $15 to cover the costs and attorney's fees of the plaintiff, and moved to set aside the judgment, relying on § 628 of the Code of Civil Procedure, as amended, which in its pertinent part reads thus:

"Section 628.—When the complaint is founded upon the nonpayment of the rental or price stipulated in a contract, the defendant

shall not be allowed to submit any proof except the receipt or some other document showing that the payment has been made; *Provided,* That if the defendant, at any stage of the proceedings, should pay the rentals owed, with costs and attorney's fees fixed by the court, the latter shall make an order dismissing the proceedings or setting aside the judgment rendered.''

The municipal court, without hearing the plaintiff, vacated the judgment. The plaintiff then moved for a reconsideration on the grounds that the deposit came too late, that she was not given notice of it, that the costs amounted to $6.25 and the defendant had estimated them at $5, and that the defendant had failed to cancel the corresponding internal revenue stamps on the motion making the deposit, which constituted his first appearance. The defendant opposed the reconsideration, and, after a hearing, the municipal court ratified its previous order and permitted the defendant to cancel at that time the internal revenue stamps in question, apparently in view of his explanation that he had originally attached the stamps but the clerk of the court advised him that they were not necessary.

The plaintiff thereupon applied to the district court for a writ of certiorari, on the same grounds of her motion for reconsideration in the municipal court, and on the additional ground that the latter court had failed to fix the amount of the costs and attorney's fees to be paid by the defendant, which under the above-quoted statute, was an essential requisite for the remedy sought and obtained by the defendant. The district court annuled the action of the municipal court on this last ground, and the defendant appeals from the judgment of the district court.

 We agree with the district court that the setting aside of a judgment of unlawful detainer in the cases covered by § 628 of the Code of Civil Procedure, is not proper until the court fixes the amount of the costs and attorney's fees to be paid by the defendant. We do not agree with the conclusion of the district court that the municipal court had

failed to fix the amount of the costs and attorney's fees. The defendant deposited $5 for costs and $10 for attorney's fees. The municipal court then erred in accepting those sums and in vacating the judgment without hearing the other party. But subsequently that party had full opportunity to be heard in connection with her motion for consideration. She failed to challenge the sufficiency of the $10 deposited for attorney's fees. She did challenge the sufficiency of the $5 deposited to cover the costs. In its order ratifying its previous action after hearing the parties, the municipal court necessarily decided that the amount deposited for costs and attorney's fees was sufficient. Thus, it fixed the amount to be paid by the defendant on that account as effectively and clearly as if it had made a special order fixing the costs at $5 and the attorney's fees at $10.

The other grounds adduced by the plaintiff and appellee in her petition for certiorari filed in the respondent court are not valid either. The motion of the defendant depositing the rent due, costs, and attorney's fees, and praying that the judgment be set aside did not come too late. It is true that when the defendant made the deposit the judgment had become final, but § 628 of the Code of Civil Procedure provides that the remedy invoked by the defendant may be resorted to "at any stage of the proceedings," and it expressly empowers the court to set aside the judgment rendered. It seems evident to us, therefore, that the remedy may be invoked at any time before the proceedings end with the execution of the judgment.

The error committed by the municipal court in accepting the deposit made by the defendant and in setting aside the judgment without hearing the other party was cured by subsequently hearing the plaintiff on a motion for reconsideration and entering a new order ratifying the previous decision.

■ Lastly, the lack of internal revenue stamps on defendant's motion making the deposit and praying that the judgment be set aside was cured, apparently, by the cancellation of the stamps at the time the municipal court ratified its previous order and gave the defendant an opportunity to cancel the stamps. See *Cintrón* v. *Yabucoa Sugar Co.,* 52 P.R.R. 389, and *Córdova* v. *Baquero,* 47 P.R.R. 103. We say "apparently" because the record fails to show whether or not the stamps were canceled pursuant to the order of the municipal court. But we must assume that they were canceled, inasmuch as the plaintiff and appellee has not asserted the contrary either before the district court or before this court.

For the reasons stated the judgment appealed from should be reversed and another rendered instead discharging the writ of certiorari issued by the district court.